UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE:<br><br>Ashley Elizabeth Marczenko,<br><br>Debtor. | )<br>)<br>) CASE NO. 17-03253-JMC-7<br>)<br>)<br>) |
| Ashley Elizabeth Marczenko,<br><br>Plaintiff,<br><br>VS.<br><br>Navient Solutions, Inc.,<br><br>Defendant. | )<br>)<br>)<br>) ADV. PROC. NO.<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS

### Count I

### Introduction

1.   This is an adversary proceeding brought under the Bankruptcy Code, 11 U.S.C. §523(a)(8)(A)(i) to determine the dischargeability of qualified education loans ("student loans"), as defined in 23 USC §221(d)(1).

### Parties

2.   The Debtor filed this case under Chapter 11 of the Bankruptcy Code on May 2, 2017. This Court thus has jurisdiction over this action under 28 U.S.C. §1334. This proceeding is a core proceeding.

3.   The Defendant, Navient Solutions, Inc. (hereinafter "Defendant") is believed to be a corporation with its principal place of business located at Attention: Claims Department, P.O. Box 9500, Wilkes-Barr, PA 18773.

1

## Factual Allegations

4. Four of the unsecured debts owing by Plaintiff are listed in Schedule F are student loans owing to Defendant, Navient Solutions, Inc.

5. Plaintiff's present indebtedness on her private student loans to Navient are approximately $7,843; $27,495; $25,948, and $12,849.

6. The Plaintiff's household net income consists of $2,289.00 per month from her job. The household contains Plaintiff only.

7. The Plaintiff's basic monthly living expenses are $2,277.00.

8. Plaintiff's income and expected future income is and will be adequate for her to afford the basic necessities of life, but will not allow for the payment demanded by Defendant. As such, she lacks the ability to repay the student loan debt to the Defendant, and, any payments she would make would create a great hardship on the Plaintiff.

9. Excepting the student loans from Discharge in their entirety will impose an undue hardship on the Plaintiff.

10. Excepting the student loans from Discharge will, when Debtor is unable to make the payments required by the Defendant, cause the Debtor to default on her government student loans, and subject her to collection activities, possibly including, but not limited to: **lawsuits; wage garnishment; ruined credit; collection calls & letters; tax refund intercept; substantial additional fees & interest added to the balance.** Debtor is being forced into a situation where default on her student loans is not just likely, but all but guaranteed, will serve to frustrate the "fresh start" of her Bankruptcy Discharge, and, as such, undermine the entire purpose of the Bankruptcy process.

11. The Debtor's eventual default, and being subject to subsequent collection activity,

2

will serve to only increase the undue hardship on the Debtor, although at that point in time, not only will she be unable to seek protection under Chapter 7, but also Chapter 13.

12. Congress intended student loan debts to be dischargeable when not doing so would serve to frustrate the "fresh start" of the Bankruptcy Discharge, and, as such, undermine the entire purpose of the Bankruptcy process by causing an undue hardship on Debtor, as evidenced by 11 U.S.C. §523(a)(8)(B).

13. As of the date of filing this Adversary, Defendant has refused to offer any reasonable payment option for the Debtor.

14. Although not actually required by any applicable statute or code section, Debtor has made a good faith effort to repay the student loan debts in question.

15. Any of the loans above described as private student loan debts owed to the Defendant, are also dischargeable under 11 U.S.C. §523(a)(8)(B), because they are not "qualified student loans" used solely for Plaintiff's Cost of Attendance at her schools.

WHEREFORE, the Plaintiff respectfully prays the Court declare the subject student loans dischargeable under 11 U.S.C. §523(a)(8), and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Eric C. Redman
Eric C. Redman, #6330-49
Redman Ludwig, P.C.
151 N. Delaware Street, Suite #1106
Indianapolis, IN 46204
Phone: (317) 685-2426
Fax: (317) 636-8686
E-mail: eredman@redmanludwig.com

Attorney for Plaintiff